DECISION
This is an administrative appeal from the February 7, 2002 decision of the Rhode Island Department of Business Regulation (the "Department"), wherein a hearing officer denied Onyx Acceptance Corporation's (hereafter "Onyx") September 21, 2000 application for a Lender's License pursuant to R.I.G.L. 1956 § 19-14-1 et seq. Jurisdiction is pursuant to R.I.G.L. 1956 § 42-35-15.
This Court's review of the Department's decision is limned by R.I.G.L. § 42-35-15(g) of the Administrative Procedures Act, which provides for review of contested agency decisions:
 "The Court shall not substitute its judgment for that of the agency as to the weight of the evidence on the questions of fact. The court may affirm a decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency:
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing an agency decision, pursuant to § 42-35-15, the Superior Court sits as an appellate court with limited scope of review.Mine Safety Appliances v. Berry, 620 A.2d 1255, 1259 (R.I. 1993). In that capacity, the Superior Court is restricted to "an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." Johnston Ambulatory SurgicalAssociates, Ltd. v. Nolan, 755 A.2d 799, 805 (R.I. 2000) (quotingBarrington School Committee v. Rhode Island State Labor Relations Board,608 A.2d 1126, 1138 (R.I. 1992)). If there is sufficient competent evidence in the record, the court is obliged to uphold the agency's decision. Id. at 805 (citing Barrington School, 608 A.2d. at 1138). Reversal of an administrative agency's findings is warranted only where the conclusions and factual determinations are "totally devoid of competent evidentiary support in the record" or from the reasonable inference that might be drawn from such evidence. Bunch v. Board ofReview, 690 A.2d 335, 337 (R.I. 1997) (quoting Guardino v. Department ofSocial Welfare, 122 R.I. 583, 588-89, 410 A.2d 425, 428 (1980)). Although questions of law are not binding upon the court and may be reviewed to determine what the law is and its applicability to the facts,Narragansett Wire Co. v. Norberg, 376 A.2d 1, 16 (R.I. 1977); Bunch, 690 A.2d. at 337, "[T]he law in Rhode Island is well settled that an administrative agency will be accorded great deference in interpreting a statute whose administration and enforcement have been entrusted to the agency," State v. David Cluley, 808 A.2d 1098, 1103 (R.I. 2002) (quotingIn re Lallo, 768 A.2d 921, 926 (R.I. 2001)).
* * * * *
The resolution of this appeal turns on the scope and interpretation of the Department's authority to investigate an applicant under R.I. Gen. Laws § 19-14-7(a)(1) which provides:
 "19-14-7 Issuance of denial of license. — (a) Upon the filing of a completed application, the payment of fees and the approval of the bond, the director or the director's designees shall commence an investigation of the applicant. The director or the director's designee shall issue and deliver the license applied for in accordance with the provisions of this chapter at the location specified in the application if he or she shall find:
 (1) That the financial responsibility, experience, character, and general fitness of the applicant, and of the applicant's members, if the applicant is a partnership, limited liability company or association, or of the officers and directors and the principal owner or owners of the issued and outstanding stock, if the applicant is a corporation, are such as to command the confidence of the community and to warrant belief that the business will be operated honestly, fairly, and efficiently with the purposes of this title . . . ." (Emphasis added.)
Rhode Island General Laws § 19-14-1(10) defines "principal owner" as "any person who owns, controls, votes or has a beneficial interest in, directly or indirectly, ten percent (10%) or more of the outstanding stock of a licensee." It is undisputed that Lincolnshire Associates ("Lincolnshire") owns ten percent or more of the outstanding stock in Onyx.
Onyx, however, failed to include in its license application relevant financial materials relating to Lincolnshire, and it is this failure that principally resulted in denial of the requested license. At the hearing, Onyx's vice-president, Stephen C. Baldwin, readily acknowledged that Lincolnshire's financial materials had not been provided, indicating that Lincolnshire had refused Onyx's several requests to obtain them.
Onyx, at the hearing and during this appeal, claims that the Lincolnshire financial material is unnecessary and that the Department should overlook its absence because the federal Securities and Exchange Commission has regulatory authority over Lincolnshire, a publicly traded entity. The Department disagreed with that contention, and this Court also finds that suggestion without merit.
In this regard, the Hearing Officer concluded that, "[W]hile it is true that the SEC has numerous complex rules and regulations that relate to the disclosure obligations of public companies, those requirements are designed to provide information to the investing public and not to a regulatory agency making a complex licensing determination." The Hearing Officer further concluded that:
 "[T]his statute clearly mandates that the Department commence an investigation of the applicant including its principal owners. One of the aspects of the principal owners the Department must investigate is its financial responsibility. To carry out this statutory mandate the Department has chosen to require a financial statement of the principal owners to evaluate its financial responsibility. While the requirement of a signed financial statement to make a determination is not specifically listed in the statute, it is a reasonable requirement by the Department in conducting its statutorily mandated investigation."
 "[W]hile it is true that the SEC has numerous complex rules and regulations that relate to the disclosure obligations of public companies, those requirements are designed to provide information to the investing public and not to a regulatory agency making a complex licensing determination."
The Hearing Officer's determinations are consonant with the purpose of the statute as well as the Department's inherent authority to ensure that lenders within this State are financially secure and not subject to potential undue and/or inappropriate influence by principal owners of the putative lender. Lincolnshire surely has the potential to exert influence over Onyx's decisions, and there is no sound reason whatsoever that the Department should be precluded from obtaining relevant information about Lincolnshire. Indeed, Lincolnshire's very refusal even to provide such information to Onyx, much less the Department, is reason enough to create concern and further heightens the importance of furnishing the requested materials.
Onyx's refusal to submit the Lincolnshire financial material is, therefore, fatal to its license application, and the Department properly denied it.
Accordingly, the Department's Decision is hereby affirmed.